**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CONSOLIDATION COAL COMPANY,
Petitioner,

v.

CHARLES R. BROWN; DIRECTOR,

No. 98-1923

OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order of the
Benefits Review Board.
(97-1016-BLA)

Submitted: August 31, 2000

Decided: September 26, 2000

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

William S. Mattingly, JACKSON & KELLY, Morgantown, West
Virginia, for Petitioner. James Hook, Waynesburg, Pennslyvania;
Marvin Krislov, Deputy Solicitor for National Operations, Donald S.
Shire, Associate Solicitor, Patricia May Nece, Counsel for Appellate
Litigation, Barry H. Joyner, Office of the Solicitor, UNITED
STATES DEPARTMENT OF LABOR, Washington, D.C., for
Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Consolidation Coal Company (Employer) petitions for review of a decision of the Benefits Review Board (Board) affirming the decision of an administrative law judge (ALJ) to award black lung benefits to Charles R. Brown. We placed this case in abeyance pending our decision in Island Creek Coal Co. v. Compton, 211 F.3d 203 (4th Cir. 2000). Compton having been decided, this case is ripe for review.

Following a lengthy procedural history, the ALJ ultimately found that the preponderance of the readings of the most recent x-ray evidence was sufficient to establish pneumoconiosis under 20 C.F.R. § 718.202(a)(1) (1999). In making this finding, the ALJ acknowledged that all readings of a 1994 CT scan were negative, but concluded that the x-ray evidence was more persuasive. The ALJ also determined that Brown had established the existence of legal pneumoconiosis under 20 C.F.R. § 718.202(a)(4). In making this finding, the ALJ credited the opinion of Dr. Jaworski over those of several other medical experts. The ALJ stated that Dr. Jaworski's opinion that Brown suffered from pneumoconiosis was more credible not only because Dr. Jaworski was Brown's treating physician, but also because his opinion was more consistent with the objective medical evidence. That evidence included the x-ray evidence, abnormal blood gas results, Brown's lengthy coal mine employment, and his limited cigarette smoking history.

In Compton, we held that "all relevant evidence is to be considered together rather than merely within discrete subsections of § 718.202(a)." Compton, 211 F.3d at 208. Here, the ALJ failed to weigh all evidence relevant to the existence of pneumoconiosis. We are particularly troubled by the ALJ's balancing the uniformly negative CT scan readings against the x-ray evidence and his failure to give cogent reasons for discounting the CT scan evidence. We note

2

additionally that the ALJ credited Dr. Jaworski's opinion in part because that opinion was more consistent with the x-ray evidence. Because the ALJ did not adequately explain why he found the x-ray evidence more persuasive than the CT scan evidence, crediting Dr. Jaworski's opinion in part on the basis of the x-ray evidence is suspect.

We vacate the Board's decision and remand to the Board for further remand to the ALJ so that he may weigh, in accordance with Compton, all the relevant evidence under § 718.202(a). The ALJ should give his reasons for crediting or discrediting each piece of relevant evidence, including the CT scan evidence, ventilatory and arterial blood gas studies, x-ray evidence, and various physicians' opinions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

VACATED AND REMANDED

3